ROVIN *v.* SANDELMAN.

1. ARBITRATION AND AWARD—DEFENSES—EVIDENCE—SUFFICIENCY.

In an action by the assignee for an amount awarded in arbitration proceedings, the finding of the trial judge that the claim of defendants that the arbitration was so conducted that they felt constrained to and did withdraw from the proceeding prior to its conclusion, was not sustained by the evidence, *held,* justified.

2. SAME—PAYMENT OF AWARD AUTOMATICALLY RELEASES PAYOR—ASSIGNMENTS.

The claim of defendants that because plaintiff assignee is not authorized to release said claim against them therefore a verdict in their favor should be directed is not tenable, since the payment of the award automatically acts as a release of defendants.

Error to Wayne; Webster (Arthur), J. Submitted October 16, 1923. (Docket No. 111.) Decided November 13, 1923.

Assumpsit by Tola Rovin against Isaer Sandelman and others for the amount of an award of arbitration. Judgment for plaintiff on a directed verdict. Defendants bring error. Affirmed.

*Codd, Bishop & Kilpatrick (R. B. Weaver,* of counsel), for appellants.

*Moscowitz, Goldstick & Goldstein,* for appellee.

CLARK, J. Harry Greenberg and the defendants agreed in writing to submit their differences to arbitration and appointed arbitrators, who, after a hearing, made and signed an award in favor of Greenberg for $1,500. Greenberg assigned to plaintiff, who sued on the award. Both sides requested a directed verdict. On verdict directed for plaintiff, judgment

was entered for the full amount.    Defendants bring error and say—

"that the arbitration was so conducted that they felt constrained to and did withdraw from the proceeding prior to its conclusion."

The trial judge was of the opinion that the evidence did not sustain this claim.    We agree with him.

Defendants' remaining contention was stated and rightly disposed of by the judge in directing a verdict as follows:

"Harry Greenberg or H. Greenberg does not sue in this case.    He is not the party plaintiff.    The party plaintiff is Tola Rovin, and Tola Rovin brings suit in this case claiming to be the assignee of H. Greenberg, and he claims this under a written assignment which he has produced here in court and which has been admitted in evidence, and this assignment provides in consideration of one dollar and other valuable consideration to me in hand paid, I, H. Greenberg, sell and assign and transfer to Tola Rovin all my rights, title and interest in and to a certain award rendered in my favor and against I. Sandelman, J. Sandelman and J. R. Greenberg, doing business as the Acme Insurance & Realty Company, being in the sum of $1,700 such award having been rendered by Messrs. Slobin, Seligson and Levin, under certain articles of arbitration entered into between the undersigned and the said I. Sandelman, J. Sandelman and J. R. Greenberg. Signed, H. Greenberg.

"You will notice from a reading of that assignment that it nowhere empowers Tola Rovin to give any releases or do anything as an attorney in fact for H. Greenberg in the matter of executing releases which are provided for in the decision of the arbitrators. The arbitrators found as follows:

" 'Said party of the first part is to pay the party of the second part the sum of $1,500 in cash for all his claims and said second party—that is, H. Greenberg—is to release the first parties of all his claims and obligations till date.'

"In other words, the award provided for the payment of $1,500 in cash to H. Greenberg and provided that H. Greenberg must release to the first parties all his claims and obligations.

"Now the contention of the defense is that if they are compelled to pay $1,500 here on this award, that they have not any release from H. Greenberg and that Tola Rovin, the man who is appearing here as plaintiff, cannot give a release.

"I am of the opinion, however, that. this objection cannot be sustained and for this reason: The agreement to arbitrate provides:

"'It is agreed that all disputes and differences between the parties hereto shall be referred and hereby are referred to the board of arbitration for final determination.'

"Therefore, all matters in dispute between H. Greenberg and the Sandelmans and J. R. Greenberg were referred to the arbitrators to settle. The arbitrators then took up the matter of settling all these disputes and awarded in settlement of all these disputes $1,500 to H. Greenberg.

"Now then, if they awarded $1,500 to Harry Greenberg under the terms of this arbitration agreement which referred all matters in dispute, obviously the defendants, if they paid $1,500, by the mere payment of $1,500 would be entitled and in fact would have a release of all claims that he might urge, because when he got the $1,500 awarded by the arbitrators he got the award which settled all matters in dispute between himself and the Sandelmans and J. R. Greenberg.

"Now then, if the payment of the $1,500 would protect the defendants, would give them automatically and by force of law a release of all those claims, then it seems to me that they cannot claim that they are not bound to make this payment simply because of the fact that the giving of this release cannot be done in this case by H. Greenberg. In other words, when this judgment is paid, Harry Greenberg will not be in position to make any claim of any kind against the defendants Sandelman and J. R. Greenberg, and if he is not in any position to make any claim of that kind, then they have in effect a release of their claims."

Judgment affirmed.

WIEST, C. J., and FELLOWS, McDONALD, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.